United States Casualty Company, Appellant, vs. Superior Hardware Company, Respondent.

*September 22—October 18, 1921.*

*Workmen's compensation: Salesman injured while soliciting orders: Service incidental to employment: Action by insurer against person causing injury: Findings of industrial commission: Admissibility: Automobiles: Negligence: Violation of the law of the road: Question for jury.*

1. A city salesman whose duties did not require him to go to his employer's place of business before commencing work, and who was injured by an automobile truck while on his way to make his first business call, was "performing service growing out of and incidental to his employment," within the meaning of sub. (2), sec. 2394—3, Stats. *Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, followed.

2. Evidence tending to show that the automobile driver was at the time of the injury to the left of and beyond the center of the street in making a turn to the right, in violation of sec. 1636—49*b*, Stats., is *held* to make the negligence of the driver a question for the jury.

3. The findings of the industrial commission in proceedings on the salesman's claim for compensation were admissible in an action by a casualty company which paid the compensation and succeeded to the rights of the salesman against the person who caused the injury, where the complaint alleged that such a claim had been allowed and paid, and these allegations were put in issue by defendant's answer. The findings were not conclusive on the question of defendant's liability, but were *prima facie* proof of the facts stated in the complaint.

Appeal from a judgment of the superior court of Douglas county: Solon L. Perrin, Judge. *Reversed.*

One Louis Stern, a city salesman of the Eimon Mercantile Company of Superior, Wisconsin, was injured by an automobile truck. Upon due proceedings had before the industrial commission the amount of compensation and medical expenses under the workmen's compensation act was determined to be $3,144.92. Such sum was paid on behalf of the employer by this plaintiff, its insurer. Suit

was thereupon brought by the plaintiff as succeeding to all the rights of the injured person against the defendant on account of such accident.

Mr. Stern was employed to go from customer to customer along the streets of the city of Superior to solicit orders. Ogden avenue runs north and south in said city and is intersected by Broadway, running east and west. Mr. Stern left his home on the morning of September 26, 1919, according to custom, and went west on the south side of Broadway, and before reaching the center of Ogden avenue was struck and carried or pushed some distance to the south and near to the east curb of Ogden avenue.

The specific negligence here relied upon was the running by the auto truck to the left of and beyond the center of Ogden avenue in making the turn from the west to the right and south at the time of colliding with Mr. Stern and therefore in violation of sec. 1636—49b, Stats., which reads as follows:

"1. . . . Any such person so operating a motor vehicle shall, at the intersection of public highways, keep to the right of the center of such intersection of such highway when turning to the right. . . ."

Sub. 2 provides for a penalty by fine or imprisonment for a violation of the foregoing provision.

When plaintiff rested the court granted defendant's motion for a nonsuit. This upon two grounds: First, that under the situation disclosed Mr. Stern was not within the terms and conditions of the workmen's compensation act so as to be entitled to compensation from the employer for any such injury, and for that reason the plaintiff had no right of action; secondly, that it had not been made to appear that there was any actionable negligence in the operation of the car.

The plaintiff thereafter moved for a new trial, the motion

was denied, and judgment was thereupon ordered in favor of the defendant dismissing the complaint upon the merits. From such judgment plaintiff has appealed to this court.

For the appellant there was a brief by *Steele & Tipton* of Superior, and oral argument by *W. M. Steele.*

For the respondent there was a brief by *Pickering & Rieser* of Superior, and oral argument by *R. M. Rieser.*

ESCHWEILER, J. Mr. Stern's duty did not require him to go first to his employer's place of business before starting out to make the rounds of his customers in the city, and he had no other present objective in view while crossing Broadway and Ogden avenue at the time of the accident than the visit to his prospective first customer, whose place of business was on Broadway about a half a block west of the place of accident.

To entitle him to compensation from his employer under the provisions of sub. (2), sec. 2394—3, it must be shown that at the time of the accident "the employee is performing service growing out of and incidental to his employment." That such a city salesman, injured by an accident attendant upon his being upon the highway while soliciting orders for his employer, is so entitled to such relief, has heretofore been declared by this court (*Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328), and under the ruling in that case this plaintiff's right to compensation would be beyond question if, at the time of the accident, he had reached a point in his daily journey beyond the first customer and on the way to another.

We can see no substantial ground for holding that the liability of the master should be any less in the situation here disclosed than that in the case just above cited. Mr. Stern not being required to first report to and then start from the employer's place of business in the performance of his services must be, and is now so held to have been, in

the course of his employment at the time of this particular accident.

We are satisfied that such conclusion is also well supported by the following decisions: *Milwaukee v. Fera,* 170 Wis. 348, 174 N. W. 926, where the employee of a city garbage collector was driving back to his employer's barn after his last load for the day; *Moran's Case,* 234 Mass. 566, 125 N. E. 590, where a solicitor and collector for a life insurance company was fatally injured while running to catch a street car; *Globe Ind. Co. v. Industrial Acc. Comm.* 35 Cal. App. 89, 171 Pac. 1088, a bookkeeper injured by an automobile as he was crossing a public street to mail a letter for his employer; *Kunze v. Detroit S. T. Co.* 192 Mich. 435, 158 N. W. 851, a supervising foreman on his way in the usual course of his employment from inspecting work being done by defendant at one place to another; *In re Harraden,* 66 Ind. App. 298, 118 N. E. 142, where a fire insurance agent whose duties required him to travel from one city to another was injured by slipping on the sidewalk on his way from the train to the hotel.

We have examined the cases cited and relied upon by respondent claimed to support the contrary view, but we do not deem them applicable to the present situation and certainly not controlling here or necessary to be discussed.

We are also forced to the conclusion that the nonsuit cannot be supported upon the second ground upon which it was placed by the trial court. By the testimony of the defendant's president on adverse examination it was defendant's automobile truck that caused the injury. The testimony of Mr. Stern is sufficient to warrant the conclusion that at the time of the collision he was east of the center of Ogden avenue. If the auto truck came on Broadway from the west at the time, the inference would be proper that in so doing it had violated the law of the road quoted above. A witness who was walking south on Ogden avenue at the time

of the accident and had passed Mr. Stern at Broadway and who subsequently assisted in removing Mr. Stern from under the truck testified that there was an auto truck resembling the one causing the injury at a point on Broadway west of Ogden avenue, and that at such time he saw no other approaching automobile. We think there was sufficient evidence to require the submission of the issues involved to the jury.

Complaint is made by defendant of the reception in evidence, on plaintiff's offer, of the findings made by the industrial commission in the proceedings upon the claim for compensation by Mr. Stern against his employer and the plaintiff as its insurer. Being in the nature of a judgment or final determination of a dispute between other parties, it could not be considered conclusive upon the question of defendant's liability herein. It could be properly considered, however, as at least making *prima facie* proof of the facts necessarily alleged in the complaint herein, viz. of claim having been made by Mr. Stern against the employer and that the claim had been allowed and paid, and such allegations being put in issue by defendant's answer. *Grand Rapids L. Co. v. Blair,* 190 Mich. 518, 526, 157 N. W. 29; *Oceanic S. N. Co. v. Compania Transatlantica Espanola,* 134 N. Y. 461, 469, 31 N. E. 987; Jones, Ev. (2d ed.) § 590; 23 Cyc. 1271; 15 Ruling Case Law, 1021.

The judgment of nonsuit therefore having been improperly granted, plaintiff's motion for a new trial should have been allowed.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings, and a new trial granted.