E. W. HALLET CONSTRUCTION COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*February 6—March 4, 1930.*

For the appellants the cause was submitted on the brief of *Brown, Pradt & Genrich* of Wausau.

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

OWEN, J. During the summer of 1922 the Hallet Construction Company was engaged in paving highway No. 51 between Stevens Point and Wausau. On August 18, 1927, the construction had reached a point about a mile north of Mosinee. On this day Alvin Williams was in the employ of the Hallet Construction Company unloading cement from a freight car set out on a railroad siding adjacent to the highway and about two miles north of the point where the paving operations were then being prosecuted. A brother-in-law, Alex Lewandowski, worked with him in the freight car. They boarded with their brother-in-law, Theodore Sturm, about ten miles from the place of their work. They reached their work in a Ford car owned and driven by Lewandowski. Their brother-in-law, Theodore Sturm, also worked for the construction company, but the place of his employment was at the scene of the paving operations two

miles further south. On said August 18th Williams and Lewandowski had completed their work and started home in the Ford car. They proceeded southerly on state highway 51, which was then in condition for travel, but somewhat rough, owing to its grading and preparation for the pavement. At a point a short distance from where the paving operations were in progress they turned off from highway 51 onto another highway running east and west, and stopped to wait for Sturm, who customarily rode home with them. While they were waiting, Williams left the car and went over to where Sturm was working. While there he received the injuries from which he died.

The Industrial Commission made an award in favor of the administrator of the estate of Williams. This award can be sustained only upon the hypothesis that Williams was injured on the premises of his employer while going from his employment in the ordinary and usual way, under the provisions of sec. 102.03 (2), Stats., which provides that "Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing services growing out of and incidental to his employment." Williams was injured while on the premises of his employer, but not on the premises where he worked. He had left the premises where he worked and traveled two miles along a public highway towards his home before reaching the place where he was injured. Although his employer was under contract to pave said highway from Stevens Point to Wausau, that did not make the entire length of the highway the premises of the employer so that all employees traveling on said highway 51 between those points were on the premises of the employer within the meaning of sec. 102.03, Stats. Within the meaning of that section, only that portion of the highway presently appropriated and occupied by the contractor for the purpose of prosecuting the work could be considered his premises.

The provision of sec. 102.03 bringing under the compensation act "Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer," was added to the act as an amendment by ch. 599, Laws of 1913. This chapter contains numerous amendments to the workmen's compensation act suggested by the Industrial Commission in the light of its experience acquired in the administration of the law. In *Cleeland v. Smith Bros.* 3 Wis. Workm. Comp. Rep. 85, the Industrial Commission refers to this amendment and says:

"This amendment was submitted to the legislature by the Industrial Commission, with notes, which notes were printed with the bill containing this amendment with others. The note applicable to this section is as follows: 'This amendment merely gives effect to the construction placed upon the expression "growing out of and incidental to his employment" by decision of the British courts which gives greater certainty to the law.' The effect of this amendment, as we understand it, was to cover all employees in those relations where the employer owed a common-law duty by reason of the employee being on the premises. It was not intended to extend liability beyond the hazard incurred by the employee in going to and from his work in the ordinary and usual way while on the premises."

That this was the purpose of this provision was specifically declared in *Krebs v. Industrial Comm.* 200 Wis. 134, 227 N. W. 287. It is plain that his employer owed Williams no duty for his safety after he had left the freight car and undertaken his trip home along a public highway serving the public generally, even though the employer was under contract to improve that highway. When he entered the premises where Sturm was employed for purposes of his own, the relation of employer and employee did not then exist, and their mutual rights and liabilities while Williams was on such premises were not referable to the workmen's compensation act. The premises where the injuries were sustained were separate and distinct from the premises where

Williams worked. The situation is analogous to one where an employee after leaving his employer's factory drops into a hotel or some other place of business operated by his employer along the route to his home but distant, separate, and distinct from his place of employment. Injuries sustained within the hotel or other place of business are not within the general spirit, scope, or purpose of the compensation act, nor within the specific provision of sec. 102.03, because the relation of employer and employee does not then exist.

It follows that the award of the Industrial Commission should have been vacated and set aside.

Before closing this opinion we desire to refer to a matter which recently has been pressing upon our attention, and that is the delay incident to the disposition of this class of cases. The injury here involved was sustained on the 18th day of August, 1927. The rights of the applicant are now definitely determined, about two and one-half years after the sustaining of the injuries. One of the reasons urged in favor of the workmen's compensation act was the dispatch with which injured workmen would secure compensation. However, the history of this proceeding, though typical of those recently coming to this court, is disappointing to the hopes and beliefs thus entertained. The injury here involved occurred August 18, 1927. The application for compensation was made October 11, 1927. A hearing thereon was had May 10, 1928. An award was made October 17, 1928, more than a year after the application was made. An action to review the award was promptly commenced in the circuit court November 5, 1928. It does not appear when a hearing was had in that court, but the decision of that court was announced June 12, 1929. Judgment was not entered until September 17, 1929. The appeal to this court was taken September 23, 1929. We do not undertake to fix responsibility for this delay further than to suggest that the interim between June 12, 1929, when a decision of the circuit court was an-

nounced, and the 17th day of September, 1929, when the judgment was entered, seems inexcusable. Had this judgment been entered when it might have been, the case would have been on the August instead of the January calendar of this court. We make these observations in the hope that those charged with responsibility in the matter of disposing of claims of injured workmen will be spurred to greater effort to accomplish their more expeditious disposition.

*By the Court.*—Judgment reversed, and cause remanded with instructions to vacate and set aside the award of the Industrial Commission.