CITY OF WEST BEND and another, Respondents, vs. IN-
DUSTRIAL COMMISSION OF WISCONSIN and another,
Appellants.

*September 19—October 14, 1930.*

For the appellant Industrial Commission there was a brief
by the *Attorney General* and *Mortimer Levitan,* assistant
attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Olin & Butler,*
and oral argument by *Byron H. Stebbins,* all of Madison.

OWEN, J. On the 5th day of March, 1929, one Rudolph
Schloemer was a member of the volunteer fire department of

the city of West Bend. He was also in the employ of the O'Neil Oil Company. At about eight o'clock on the morning of March 5, 1929, at a time when he was on the premises of the O'Neil Oil Company as an employee of that company, a fire alarm in the city of West Bend was sounded. He took a truck belonging to the O'Neil Oil Company and started for the fire house. Before reaching the fire house he was struck by a railroad locomotive, receiving injuries from which he died. Upon application of his widow, Rebecca Schloemer, to the Industrial Commission for compensation, the commission made an award against the city and its insurance carrier. This award was set aside by the circuit court on the ground that at the time of the injury deceased was not performing services growing out of and incidental to his employment as a volunteer fireman.

Our statutes—sec. 102.03 (2)—provide that every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment. Under the rulings of such cases as *Hornburg v. Morris,* 163 Wis. 31, 157 N. W. 556, and *Caravella v. Milwaukee,* 194 Wis. 190, 215 N. W. 911, the streets of the city over which regular firemen go in proceeding to and from their work cannot be considered as the premises of the employer. It is urged, however, that deceased had already entered upon his employment, and that at the time of the injury he was not using the streets of the city merely in going to his employment, but was then in the performance of the duties of his employment.

There is a manifest difference between the time when a volunteer fireman and a regularly paid fireman enters upon his employment. The regularly paid fireman has definite hours of employment and a definite place of employment. In this respect there is no difference between a regular fireman and an employee in ordinary industry. The volunteer fireman has no definite hours of employment and no regular

place of employment. His duty arises upon the sounding of the fire alarm, when he must abandon all present engagements and rush to the fire, wherever it may be. In this case the volunteer firemen generally were required to report at the fire. The deceased was an exception to this rule, because he was required to drive the truck which was housed at the fire hall: consequently, at the sound of the fire alarm, it became his duty to immediately repair to the fire hall. However, the time of his entry upon the employment must be considered the same as the time when all other firemen entered upon their employment. In view of the fact that there were no regular hours of employment, and that their duties in such employment arose upon the sound of the fire alarm, it would seem quite plain that they each and all entered upon their duties as volunteer firemen as soon as they responded to such alarm.

The situation here presented is very similar to that considered in *United States Cas. Co. v. Superior Hardware Co.* 175 Wis. 162, 184 N. W. 694. In that case a city salesman was not required to report at his employer's place of business before commencing to solicit orders. He left his home for the purpose of soliciting orders, and before he reached the first customer he was struck by an automobile, receiving injuries. It was held that he had entered upon his employment. We can see no difference between the two cases. We attach no significance to the fact, stressed by respondents, that if deceased had been injured while leaving the premises of the O'Neil Oil Company he would have been entitled to compensation from the O'Neil Oil Company, as under the statute he would have been deemed an employee of that company while leaving its premises to go to the fire. It is claimed that his status was the same, so far as the city is concerned, while on the premises of the O'Neil Oil Company after he started for the fire that it was after leaving the premises. It is urged that his dual status while on the premises of the O'Neil Oil Company—that of an employee

of the O'Neil Oil Company as well as of the city—would render the city immune from liability for compensation if the injury occurred while he was on such premises, and that therefore the city should be held immune during the remainder of the trip. We may concede that had he been injured while on the premises of the O'Neil Oil Company the question of the source of his compensation would arise. That question, however, is not here, and will be met when it is squarely presented. We hold that the award was properly made, and the court was in error in setting it aside.

*By the Court.*—Judgment reversed, and cause remanded with instructions to confirm the award of the Industrial Commission.