HUNZINGER CONSTRUCTION COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 11, 1942—January 12, 1943.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *E. H. Borgelt* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FRITZ, J.    For the disposition of this appeal it suffices to note the following facts.   The injury for which the compensation was awarded to Swainston was sustained by him after completing his work for the day as a carpenter employed by Hunzinger Construction Company, which was constructing, under a contract with the A. O. Smith Corporation, a portion of a building on extensive premises owned by the latter and inclosed by a high woven-wire fence with gates at either end for ingress and egress.   Along the west side of the building under construction the A. O. Smith Corporation had a private roadway, thirty feet wide, running southward within the fence to the nearest gate, and between the roadway and the fence there was a vacant space, ten feet wide.   After completing his work, Swainston walked out of the building through a doorway leading to the driveway and after crossing the latter was injured by falling down somewhere between the roadway and the fence.   There is a dispute as to whether he fell while walking on the space west of the roadway, or while trying to crawl through an opening in the fence made by someone pulling down wires in the fence; and also whether

the latter could be considered the "ordinary and usual way" used by employees in going to and from their employment. But disputes in respect to where Swainston was when he fell and sustained injury, after he had departed from the building in which he performed his work for his employer in the construction thereof, are immaterial if, as plaintiffs contend, that building alone,—and neither the driveway nor any other portion of the A. O. Smith Corporation's premises,—constituted the premises of Swainston's employer within the meaning of the clause "while on the premises of his employer" in sec. 102.03, Stats., which reads:

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur: . . .
"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment. . . ."

The construction and application of that provision was first considered in *Krebs v. Industrial Comm.* 200 Wis. 134, 136, 227 N. W. 287, in which an employee going to work in the ordinary and usual way was injured while walking on a public sidewalk, twenty feet from the employees' entrance to the plant, by being struck by a motorcycle driven across the sidewalk on a driveway leading to the plant. In holding that the employee was not "on the premises of his employer" within sec. 102.03, Stats., and therefore was not entitled to compensation thereunder, we said,—

"Originally the act did not provide for injuries to employees received on the employer's premises while going to or from work. Injuries so received had to be recovered for by a common-law action, if at all. The provisions under which plaintiff claims were by amendment added at the end of the section as it originally stood. The precise question for deter-

mination is, Was the place of injury within the purview of the amendment? The purpose of the amendment apparently was to relieve both the workman and the employer from the hazards of a common-law action. The one was subject to the hazard of defeat by reason of the defenses permissible in the common-law action, and the other to the hazard of a much greater payment than the act provides, as the risk under the amendment would be covered by the liability insurance provided for by the act. The terms of the amendment should not be stretched by forced construction to include situations not clearly within their intendment. No right of recovery existed in plaintiff at common law under the situation here involved, and none is given by the amendment."

In similarly construing and applying the statute in *E. W. Hallet C. Co. v. Industrial Comm.* 201 Wis. 182, 184-186, 229 N. W. 547, we said,—

"Within the meaning of that section, only that portion of the highway presently appropriated and occupied by the contractor for the purpose of prosecuting the work could be considered his premises. . . . It is plain that his employer owed Williams no duty for his safety after he had left the freight car and undertaken his trip home along a public highway serving the public generally, even though the employer was under contract to improve that highway. When he entered the premises where Sturm was employed for purposes of his own, the relation of employer and employee did not then exist, and their mutual rights and liabilities while Williams was on such premises were not referable to the Workmen's Compensation Act. The premises where the injuries were sustained were separate and distinct from the premises where Williams worked."

To the same effect see *Gunderson v. Industrial Comm.* 218 Wis. 248, 260 N. W. 636; *International Harvester Co. v. Industrial Comm.* 220 Wis. 376, 378, 265 N. W. 193.

In determining whether or not Swainston's injury can be held to have been sustained "while on the premises of his employer," within the meaning of that clause as used in sec.

102.03, Stats., and as construed in the cases cited above, it must be noted that his employer, Hunzinger Construction Company, was not the owner of any portion of the premises of A. O. Smith Corporation; that the only portion thereof under his employer's control was the new building which it was constructing; and that it was only in that particular new building that Swainston did his work as a carpenter for his employer. The private roadway was used by A. O. Smith Corporation for its purposes as a means of ingress and egress for its employees and those of other contractors, and by trucks making deliveries, and the like. The premises of Swainston's employer, Hunzinger Construction Company, were not co-extensive with the premises of A. O. Smith Corporation and the only part thereof that can be considered as "the premises of his employer," as that clause is used in sec. 102.03, Stats., is the new building over which it had some right of control. Under the circumstances and for the reasons stated in the cases cited above, Swainston's injury cannot be held to have been sustained "while on the premises of his employer," and consequently he was not within sec. 102.03, Stats., and the award under review cannot be sustained.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment vacating the award.

BARLOW, J., took no part.