MAKAL, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*September 16—October 7, 1952.*

216

For the appellant there was a brief by *Alfred G. Zeeb,* attorney, and *Harry S. Sicula* of counsel, both of Milwaukee, and oral argument by *Mr. Sicula.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Milwaukee county there was a brief by *William J. McCauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel.

BROADFOOT, J. Plaintiff commenced working for Milwaukee county as an assistant airport engineer in 1945. His office was at the courthouse but often his work took him to one of the county airports. He used his own automobile for necessary travel until sometime in the year 1947, when the county furnished an automobile for the use of the plaintiff and others in his department. The county required that the car be kept in a county-owned garage when not in actual use. When the automobile was first provided, the plaintiff resided

at Forty-Sixth street and Bluemound road, and the same was kept in a county-owned garage at Sixty-Third and State streets. In the fall of 1947 the plaintiff moved to Whitefish Bay, and the car was transferred to another county-owned garage on North Hopkins street, about a mile north of Silver Spring road, for the reason that it was closer to the residence of the plaintiff, who was required to pick up the county car at the county garage each morning, and drive the same to the courthouse where it was available for the use of himself and others in his department. After work it was his duty to return the car to the county garage. It was the custom of the plaintiff to drive his own automobile from his home to the county garage, where he left it during the day. In the evening he left the county car in the garage and drove his own automobile to his home.

On the morning of March 17, 1950, the plaintiff started for the county garage in his own automobile. He was traveling west on Silver Spring road, which was very slippery. His automobile skidded upon the ice, left the highway, and ran into a tree. The plaintiff was severely injured as a result of the accident.

From the undisputed facts the examiner for the commission determined that the accident causing the injury did not arise out of plaintiff's employment by the county for the reason that, until he reached the county garage, he was merely on his way to work and not yet on the premises of the employer. This determination of the examiner was affirmed by the commission and upon the action for review in the circuit court, the order was confirmed.

As a general rule, an employee is performing services growing out of and incidental to his employment when going to and from work only when he is on the premises of his employer. Sec. 102.03 (1) (c), Stats.; *Caravella v. Milwaukee,* 194 Wis. 190, 215 N. W. 911; *Western Fruit Co. v. Industrial Comm.* 206 Wis. 125, 238 N. W. 854; *Hunzinger*

*Construction Co. v. Industrial Comm.* 242 Wis. 174, 7 N. W. (2d) 578; *Charney v. Industrial Comm.* 249 Wis. 144, 23 N. W. (2d) 508. There are exceptions to the general rule, and under some circumstances an employee may be covered before he reaches his employer's premises. The plaintiff contends that he comes under one of the exceptions to the rule. He claims that he was injured while on a special trip for the benefit of his employer, as he was required to pick up the county car at the county garage on the morning in question.

Plaintiff relies particularly upon the case of *Bitker Cloak & Suit Co. v. Industrial Comm.* 241 Wis. 653, 6 N. W. (2d) 664. In that case a saleslady at plaintiff's store was instructed to call on a customer to make a collection before reporting at the store for work, and she was injured by slipping on the sidewalk while on the trip to the customer's house. In that case this court said (p. 656):

"It is the rule in this state that an employee, whose duty it is to travel on behalf of an employer and to do work away from the premises of the employer and who is not required to report to the premises before starting out to do this outside work, is performing services as soon as he leaves his home and starts for the first place at which he is to perform such work. *United States C. Co. v. Superior H. Co.* 175 Wis. 162, 184 N. W. 694; *West Bend v. Industrial Comm.* 202 Wis. 319, 232 N. W. 524."

The trial court considered this case, but distinguished it upon the facts. It considered that the trip to the county garage was not a special trip but was his customary method of going to work and that plaintiff had not arrived at the premises of his employer until he reached the garage. There is evidence in the record to sustain the finding that plaintiff's work commenced at the county garage, which was the first place he had to report for work.

The plaintiff further contends that he is entitled to relief under the provisions of sec. 102.03 (1) (f), Stats., for the reason that he was subjected to an extra hazard in being compelled to travel from his home to the garage. The record shows that plaintiff's home was located about four miles from the garage and about six miles from the courthouse. The distance from the garage to the courthouse was about eight miles. The record does not show that the condition of the Silver Spring road was any worse than the route from plaintiff's home to the courthouse. There is nothing therein to sustain the contention that there was any additional hazard.

*By the Court.*—Judgment affirmed.