CARAVELLA, Respondent, vs. CITY OF MILWAUKEE, Appellant, and INDUSTRIAL COMMISSION OF WISCONSIN, Defendant.

*October 14—November 8, 1927.*

*Workmen's compensation: Injuries compensable: Street cleaner struck by automobile while going to work.*

The death of a city street cleaner resulting from injuries sustained when he was struck by an automobile while on his way to report for the day's work is *held* not compensable, the fact that at the time of the accident he happened to be traversing a street on which he might later be required to work not making such street, at the moment of injury, "the premises of his employer" within the meaning of sub. (2), sec. 102.03, Stats.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed.*

Plaintiff's husband, for a long time an employee of the city of *Milwaukee,* died from being struck by an automobile at about 6:45 a.m. June 10, 1925.

The accident occurred on a public street about two blocks from his home and about a block and a half from the yard of the city at which he was required to report at 8 a. m. prior to proceeding to work. He had certain territory regularly assigned to him for his services as street cleaner which included the place of the accident.

It appeared that he was generally the first man to report for work and usually before 8 o'clock. At times he had been seen, while so on his way to work, to pick up refuse from the street and collect it in a pile.

Upon application by the widow and hearing before the *Industrial Commission,* the application was dismissed on their findings that the deceased, at the time of the injury and death, was not in the employ of the city, and that the relationship of employer and employee did not then exist. The widow bringing this action to review, the findings of the *Commission* were reversed and an award directed.

From such judgment the defendant city appeals.

For the appellant there was a brief by *John M. Niven,* city attorney, and *Leo A. Mullaney,* assistant city attorney, and oral argument by *Mr. Mullaney.*

For the respondent there was a brief by *Glicksman & Gold,* attorneys, and *Ray T. McCann,* of counsel, all of Milwaukee, and oral argument by *Mr. McCann.*

For the defendant *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ESCHWEILER, J. While the city street at the place of the accident here involved, during any time while the deceased was engaged in his service as street cleaner for the city of

*Milwaukee,* was "the premises of his employer" under sub. (2), sec. 102.03, Stats., still the "service growing out of and incidental to his employment" as such is also described in the same provision of the statute, had not yet come into being, and could not properly be said to have commenced for this particular day until he had reported for duty, for such reporting was the custom and regulation whereby a proper record of attendance and service might be kept by the foreman at the yard in charge of such employees. The use he was making of the public highway at the time of the injury was the same that any other pedestrian might make; he was not using it within the scope of his service. That in going from his home to the yard before starting his employment he happened to travel the same street that he might later be required to be upon in the course of his employment did not make such point, at the moment of the injury, the premises of or the place of employment of the city within the intent and meaning of the compensation act. If his approach to the yard had been from another direction, it could not well be claimed that such an accident on a highway came within the conditions of the statute.

It is needless to consider or pass upon the question as to whether a different disposition of this case would be required if the testimony had disclosed that at the time of the injury he had been engaged in cleaning up the street, though in advance of the regular hour for work, because such a situation is negatived by the evidence of the witness who saw him that morning.

There was ample testimony, therefore, supporting the determination of the *Industrial Commission* that at the time of the injury the relationship of employer and employee did not exist between the deceased and the city, even though he was, in the ordinary acceptance of the term, an employee of the city the whole of the time.

This case is controlled by *Hornburg v. Morris,* 163 Wis. 31, 157 N. W. 556, where it was held that the use of the

State ex rel. Wisconsin P. & L. Co. v. Zimmerman, 194 Wis. 193.

streets of a city by one of its firemen while going to and from work and while not discharging any present duty to the city did not come within the statute.

The situation is clearly distinguishable from the cases relied upon by the respondent, such as *Monroe County v. Industrial Comm.* 184 Wis. 32, 198 N. W. 597, where the injury occurred on the public highway to an employee on his noonday return to work from the camp and eating place furnished by the employer; *Milwaukee v. Industrial Comm.* 185 Wis. 311, 201 N. W. 240, where, after reporting for work, the injured employee was walking along the railroad track between such place of reporting and the immediate work place of the day; *Fogg's Case,* 125 Me. 168, 132 Atl. 129, where a fireman was injured in alighting from a street car on his way home to dinner, he being at all times subject to fire call. Other cases cited by respondent are also not applicable here.

The determination by the *Commission* was proper, if not absolutely required, was clearly within its jurisdiction, and must be upheld and the judgment of the court below to the contrary reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.