NORTHWESTERN FUEL COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*September 12—October 9, 1928.*

For the appellant there was a brief by *Powell & Sprowls* of Superior and *A. E. Boyesen* of St. Paul, Minn., and oral argument by *John S. Sprowls*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Frank W. Kuehl,* assistant attorneys general, and oral argument by *Mr. Kuehl*.

For the respondent Swanson there was a brief by *Hile & Dahl,* attorneys, and *A. Walter Dahl,* of counsel, all of Superior, and oral argument by *Mr. Dahl*.

ESCHWEILER, J.   Appellant's attack upon the award of compensation by the Industrial Commission to Swanson is that their finding in effect is that Swanson was at the time on the premises of his employer, the plaintiff.

The statutory provision involved, sec. 102.03 (2), reads: ". . . Every employee going to and from his employment in the ordinary and usual way, *while on the premises of his employer,* shall be deemed to be performing service growing out of and incidental to his employment."

The evidence before the Industrial Commission warrants a conclusion that this northeasterly extension of Hill avenue was encroached upon to a large extent by plaintiff and almost entirely devoted to its exclusive use except as it was crossed by the railroad tracks; the plaintiff largely if not entirely kept it in repair and furnished all the material for repairs; it was its recognized way for employees to come and go to the other portion of its premises; it recognized in its use thereof no distinction between the small strip where the accident occurred, the fee of which happened to be in another, and the rest of that short extension of Hill avenue.   It treated it for all practical purposes as its premises.   Though nominally a public highway dedicated to public uses, plaintiff used it as part or parcel of its premises, just as though it had the fee title to all as in fact it had except for the narrow strip opposite where the injury happened.

We are constrained to hold that the term "premises of his employer" as used in this statute should not be construed to be limited to the soil over which he has legal dominion or title, but to that which he uses, to all intents and purposes, as his premises.

Under the controlling facts as here presented we think the judgment below affirming the award was correct.

*By the Court.*—Judgment affirmed.