134

KREBS, Appellant, vs. INDUSTRIAL COMMISSION OF WIS-
CONSIN and others, Respondents.

*October 11—November 5, 1929.*

For the appellant there was a brief by *Geo. J. Krebs*, attorney, and *Walter A. John,* of counsel, both of Milwaukee, and oral argument by *Mr. Krebs.*

For the respondents there was a brief by *Riley & Ohm* of Madison, attorneys for the Creamery Package Manufacturing Company and the London Guarantee & Accident Company, Ltd., and the *Attorney General* and *Mortimer Levitan,* assistant attorney general, for the Industrial Commission, and oral argument by *Mr. Miles Riley* and *Mr. Levitan.*

FOWLER, J. The workmen's compensation act provides that an employee is entitled to compensation when at the time of the accident he is performing service growing out of and incidental to his employment; and that an employee going to or from his employment in the ordinary and usual way, while on the premises of the employer, shall be deemed to be performing such service. Sec. 102.03, Stats.

The employee was going to work in his ordinary and usual way. The sole question is whether he was on the employer's premises when injured.

The facts of the case being undisputed, the question whether the point of injury was on the premises of the employer is a question of law and the finding of the commission is not conclusive. *Radtke Bros. & Korsch Co. v. Rutzinski,*

174 Wis. 212, 183 N. W. 168. The defendants claim that the cases of *Hornburg v. Morris,* 163 Wis. 31, 157 N. W. 556, and *Caravella v. Milwaukee,* 194 Wis. 190, 215 N. W. 911, are conclusive against the plaintiff. In the former a fireman under the workmen's compensation act on his way to his work was injured while riding on a motorcycle on the public streets. The accident did not occur adjacent to or near the engine house where he was employed. The streets of the city were held not to be the premises of the city. The other case is to the same effect.

The plaintiff relies on *Northwestern Fuel Co. v. Industrial Comm.* 197 Wis. 48, 221 N. W. 396, as determining the case in his favor. In this case the employee when injured was within the limits of a laid-out public street which entered the company's premises. The company had encroached with its buildings upon the entire street end; had furnished cinders for keeping the street in repair, and in large part had done the work of repair. The company owned land on both sides of the street and its employees used the street in going to and from the different portions of the premises while engaged in their work. The company used the street as if it were its private premises and but little use of it was made by any one else, except as railway tracks crossed it, over which trains ran. The employee was injured while on his way to work by being struck by a train when crossing one of these railway tracks at a point on the street adjacent to a narrow lot which was not owned by the company. The company made the same use of this part of the street as of the rest of it. The court held that the injury occurred on the employer's premises.

Originally the act did not provide for injuries to employees received on the employer's premises while going to or from work. Injuries so received had to be recovered for by a common-law action, if at all. The provisions under which plaintiff claims were by amendment added at the end

of the section as it originally stood. The precise question for determination is, Was the place of injury within the purview of the amendment? The purpose of the amendment apparently was to relieve both the workman and the employer from the hazards of a common-law action. The one was subject to the hazard of defeat by reason of the defenses permissible in the common-law action, and the other to the hazard of a much greater payment than the act provides, as the risk under the amendment would be covered by the liability insurance provided for by the act. The terms of the amendment should not be stretched by forced construction to include situations not clearly within their intendment. No right of recovery existed in plaintiff at common law under the situation here involved, and none is given by the amendment.

*By the Court.*—The judgment is affirmed.