SEAMAN BODY CORPORATION, Respondent, vs. INDUSTRIAL
COMMISSION OF WISCONSIN and others, Appellants.

*May 1—June 11, 1930.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission and the State of Wisconsin, and *Herbert A. Bunde* of Wisconsin Rapids, attorney for Otto J. Haas, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

STEVENS, J.   The cases which consider the effect of instructions and other attempts to limit the sphere of one's employment fall into two general classes: *first,* those which actually limit the sphere of employment; *second,* those which attempt to regulate the conduct of employees while acting within the prescribed sphere of employment, such as instructions to use guards or safety devices.  The failure to use such devices does not take an employee outside the sphere of his employment.

The instant case falls within the first class.   The employer had set apart a portion of the balcony and protected it in such a way that an employee could not enter unless he unscrewed the fastening of a door or squeezed his body through an eighteen-inch opening between the wall and the frame of the inclosure.

Employers effectually limit the scope of an employment when they erect physical barriers which make access to the

prohibited area as difficult as it was in the case at bar. When employees go outside the limits of employment which are as clearly defined by physical barriers as they were in the case at bar, they take themselves outside the protection given them by the workmen's compensation act, because injuries sustained by them under such circumstances are not incidental to and do not arise out of their employment.

The case involves more than mere disobedience to instructions as to the place in which service was to be performed, as was the case in *Frint Motor Car Co. v. Industrial Comm.* 168 Wis. 436, 439, 170 N. W. 285. Here the employer effectually limited the sphere of the employment by the erection of physical barriers which were well calculated to exclude employees from the prohibited area. The plaintiff did not merely give instructions as to the sphere of the employment. It erected barriers which effectively marked the limits of that sphere.

*By the Court.*—Judgment affirmed.