GUNDERSON, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*April 3—April 30, 1935.*

For the appellant there was a brief by *Crawford & Crawford* of Superior, and oral argument by *R. A. Crawford.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Oscar Grant and Standard Accident Insurance Company there was a brief by *Hanitch, Johnson, Fritschler & Barstow* of Superior, and oral argument by *John S. Fritschler.*

WICKHEM, J. The sole question in this case is whether the facts are such as to bring into operation sec. 102.03 (1) (b), Stats. 1931, which provides:

". . . Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment."

The facts are not in dispute. Plaintiff's intestate was employed by Oscar Grant, who had a contract with the state of Wisconsin to pave Tower avenue in the city of Superior. At the time the contract was executed this street had two strips of concrete paving ten feet wide, one located on the east and the other on the west side of the street. The contract was to pave the center portion of the highway, then a graveled road, from Twenty-Eighth to Fifty-Eighth streets. Grant also had a contract with radio station WEBC to construct a driveway. This station was located at Fortieth street and Tower avenue. Deceased was a teamster, and was engaged in hauling gravel on the Tower avenue project for some time before his death. On October 24, 1932, the date of the accident, he was hauling gravel to the WEBC driveway from Tower avenue. On this date the concrete paving called for by the contract had been completely laid, but some gravel and planks still remained on the side of the street. The contractor was obligated by the terms of his contract to remove these. Un-

der the contract Tower avenue from Twenty-Eighth to Fifty-Eighth streets was closed to public travel. Due to the bad condition of other streets following a rainstorm, the state highway commission, a few days before the accident and without the consent of the contractor, had removed the barriers which the latter had placed on Twenty-Eighth and Fifty-Eighth streets, respectively, and opened the street to traffic.

On the day in question deceased quit work at 5:30, the regular quitting time, loaded onto his wagon some planks which he intended to use in the repair of one of his buildings, and started home along Tower avenue. He was killed in a collision with an automobile, also traveling on Tower avenue. The place of the accident was Forty-Third street and Tower avenue, and was thus within the territory covered by the contract. The Industrial Commission held that under all the facts and circumstances, Tower avenue did not constitute the employer's premises.

The facts are not in dispute, and, under familiar, well-established rules, the question is one of law. It was held in *E. W. Hallet C. Co. v. Industrial Comm.* 201 Wis. 182, 229 N. W. 547, that "only that portion of the highway presently appropriated and occupied by the contractor, for the purpose of prosecuting the work, could be considered his premises." In *Northwestern Fuel Co. v. Industrial Comm.* 197 Wis. 48, 221 N. W. 396, the court said:

"We are constrained to hold that the term 'premises of his employer' as used in this statute should not be construed to be limited to the soil over which he has legal dominion or title, but to that which he uses, to all intents and purposes, as his premises."

It is contended by plaintiff that, since deceased was injured upon a portion of the highway included in the paving contract, he was within the provisions of sec. 102.03 (1) (b), and the rule of the *Northwestern Fuel Co. Case,* above

quoted, forbids that the term "premises" be limited by construction to the "soil over which he has legal dominion or title," and requires that it extend "to that which he uses, to all intents and purposes, as his premises." The contention cannot be sustained. The portion of the highway upon which deceased was traveling had, rightfully or wrongfully, been released from the contractor's control and dominion and opened to public travel. It was no longer used by the contractor as his premises. It was used, not only by the general public, but by the deceased as an ordinary highway. The use made by deceased was identical with that made by the general public, and he was subjected to the same hazards as were ordinary travelers upon any public highway. In *Caravella v. Milwaukee,* 194 Wis. 190, 215 N. W. 911, a street cleaner was injured on his way to report for his day's work; the injury happening at a place at which he might later be required to work. This court denied compensation and stated:

"The use he was making of the public highway at the time of the injury was the same that any other pedestrian might make; he was not using it within the scope of his service."

To the same effect see *Krebs v. Industrial Comm.* 200 Wis. 134, 227 N. W. 287, and *E. W. Hallet C. Co. v. Industrial Comm., supra.*

Since the appropriation of the street by the contractor had been terminated, and the highway opened to public travel, and since deceased was making the same use of the street and subjected to the same hazards as were the general public, he was properly considered by the commission and trial court not to have been injured upon the premises of his employer, as defined by sec. 102.03 (1) (b), Stats. 1931.

*By the Court.*—Judgment affirmed.