INTERNATIONAL HARVESTER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 9—February 4, 1936.*

For the appellant there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

MARTIN, J.   The findings of the Industrial Commission on which the award in question was made are as follows:

". . . The applicant was injured while on the premises of his employer *but not on the premises where he worked; . . .* that from the point where the applicant sustained injury it

was necessary for him to cross Bruce street in order to reach the building where he was employed; . . . that because of the close proximity from the point where he sustained injury to the building where he was actually employed, he was performing service growing out of and incidental to his employment within the meaning of the compensation act and the fact that it became necessary for him to cross a public highway before reaching his place of employment, would not take him out of the course of his employment."

Appellant contends that where the employer has, by physical barriers and walls, effectually limited the place of employment, access to which can be had only through guarded gates from the public highway, the "premises of the employer" do not extend beyond these physical barriers. The respondents contend that, because the injury occurred on property owned and used by the employer; because of the close proximity to the company's plant located on the north of West Bruce street; and because the employee, while going to and from his place of employment, usually took a short cut on a path which led across the open land in the block south of West Bruce street, a part of which happened to be owned by the employer, such facts bring the employee, at the time and place of the accident, within the protection of the Workmen's Compensation Act.

The statute, sub. (1) of sec. 102.03, Stats. 1933, provides, in part:

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur: . . .

"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment. Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing services growing out of and incidental to his employment. . . ."

The facts are not in dispute. The issue is one of law applicable to the conceded facts. While this court may not disturb the commission's findings of fact, if there be competent,

credible evidence to support them, in a case where there is no issue as to the facts, we are not so bound by its conclusions of law, but may review the facts to ascertain whether the commission exceeded its authority in making its conclusion of law. *Pruno v. Industrial Comm.* 187 Wis. 358, 203 N. W. 330, 204 N. W. 576; *Michigan Quartz Silica Co. v. Industrial Comm.* 214 Wis. 289, 252 N. W. 682; *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194; *Krebs v. Industrial Comm.* 200 Wis. 134, 227 N. W. 287; *Seaman Body Corp. v. Industrial Comm.* 204 Wis. 157, 235 N. W. 433; *Western W. & I. Bureau v. Industrial Comm.* 212 Wis. 641, 250 N. W. 834; *Olson Rug Co. v. Industrial Comm.* 215 Wis. 344, 254 N. W. 519; *Gunderson v. Industrial Comm.* 218 Wis. 248, 260 N. W. 636; *Gomber v. Industrial Comm.* 219 Wis. 91, 93, 261 N. W. 409, 410.

In *Krebs v. Industrial Comm., supra,* the employee, when injured, was about twenty feet from the entrance to the plant at which he worked, walking on the sidewalk adjacent to the plant on his usual and the only way to check in for work. The street was paved. On both sides of the sidewalk was an open space or grass plot. The sidewalk was five feet wide. At the point where the employee was injured, a driveway nineteen feet long from curb to property line and also paved, crossed the sidewalk. The driveway was for the use of vehicles making deliveries to and from the plant, and was also used by employees using bicycles and motorcycles in going to and from work and who were permitted to park them inside the inclosure of the plant. The plaintiff was struck by a motorcycle driven by a boy not an employee, who was bringing an employee to work in the sidecar of the motorcycle, and sustained the injuries for which compensation was sought. The employer owned the adjacent premises. The court said:

"The precise question for determination is, Was the place of injury within the purview of the amendment? The pur-

pose of the amendment apparently was to relieve both the workman and the employer from the hazards of a common-law action. The one was subject to the hazard of defeat by reason of the defenses permissible in the common-law action, and the other to the hazard of a much greater payment than the act provides, as the risk under the amendment would be covered by the liability insurance provided for by the act. The terms of the amendment should not be stretched by forced construction to include situations not clearly within their intendment. No right of recovery existed in plaintiff at common law under the situation here involved, and none is given by the amendment."

In *E. W. Hallet C. Co. v. Industrial Comm.* 201 Wis. 182, 185, 229 N. W. 547, this court, speaking through the late Justice OWEN, said:

"The provision of sec. 102.03 bringing under the compensation act 'Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer,' was added to the act as an amendment by ch. 599, Laws of 1913. This chapter contains numerous amendments to the Workmen's Compensation Act suggested by the Industrial Commission in the light of its experience acquired in the administration of the law. In *Cleeland v. Smith Bros.* 3 Wis. Workm. Comp. Rep. 85, the Industrial Commission refers to this amendment and says:

" 'This amendment was submitted to the legislature by the Industrial Commission, with notes, which notes were printed with the bill containing this amendment with others. The note applicable to this section is as follows: "This amendment merely gives effect to the construction placed upon the expression 'growing out of and incidental to his employment' by decision of the British courts which gives greater certainty to the law." The effect of this amendment, as we understand it, was to cover all employees in those relations where the employer owed a common-law duty by reason of the employee being on the premises. It was not intended to extend liability beyond the hazard incurred by the employee in going to and from his work in the ordinary and usual way while on the premises.' "

That this was the purpose of this provision was specifically declared in *Krebs v. Industrial Comm., supra.*

Under the facts in the instant case, there would be no liability under the common law on the part of the Harvester Company to the employee for the injuries sustained, though he be considered a licensee. The employee testified that he did not know that the place where he fell was on premises owned by his employer. He testified that he had no work at the Harvester plant that took him south of West Bruce street. When he reached the end of the short-cut path he would have to cross West Bruce street to reach the main gate of entrance to the premises of his employer. Suppose this vacant area south of West Bruce street, with the paths as indicated, was located a quarter or a half mile or a mile further away from the employer's plant, and the employer happened to own the same strip of property in such other location, and the employee, in going to and from his place of employment, slipped and fell on such path and sustained the same injury, would there be any liability on the part of his employer under the Workmen's Compensation Act? Clearly not.

In *E. W. Hallet C. Co. v. Industrial Comm., supra*, the employee, Williams, worked for the construction company and was employed at a specific location. He left this location, and while on a highway being constructed by his employer some distance from his place of work, he was injured. The Industrial Commission awarded compensation. This court held that Williams, at the time he was injured, was not on the premises of his employer within the contemplation of the Workmen's Compensation Act. The court said:

"Williams was injured while on the premises of his employer, but not on the premises where he worked. . . . Within the meaning of that section, only that portion of the highway presently appropriated and occupied by the contractor

for the purpose of prosecuting the work could be considered his premises."

Further, the court said: "The premises where the injuries were sustained were separate and distinct from the premises where Williams worked. The situation is analogous to one where an employee after leaving his employer's factory drops into a hotel or some other place of business operated by his employer along the route to his home but distant, separate, and distinct from his place of employment. Injuries sustained within the hotel or other place of business are not within the general spirit, scope, or purpose of the compensation act, nor within the specific provision of sec. 102.03, because the relation of employer and employee does not then exist."

What this court said in *Vandervort v. Industrial Comm.* 203 Wis. 362, 364, 234 N. W. 492, is particularly applicable in the instant case. The court there said:

"We approach the consideration of this question in full appreciation of the rule prevailing in this court that the Workmen's Compensation Act should be liberally construed in favor of including all service that can in any sense be said to reasonably come within it. *Kimberly-Clark Co. v. Industrial Comm.* 187 Wis. 53, 203 N. W. 737. However, in construing this act the legislative purpose cannot be lost sight of, and it must not be forgotten that the conferring of benefits upon employees involves the imposition of burdens upon employers. Burdens not contemplated by the act should no more be imposed upon employers than the benefits conferred by the act should be denied to employees, by construction."

The respondents rely on the case of *Milwaukee v. Industrial Comm.* 218 Wis. 499, 261 N. W. 206. The facts there are clearly distinguishable from those in the instant case. In that case, Mr. Jach, who was a city ash carrier, had charge of three men and was required to report each morning to the foreman at the ward yard between 7 and 7:15 o'clock. He reported each morning on the work done the previous day, and would receive orders for the then day's work. On the

morning he was injured (October 1, 1931) he reached the yard at about 7 o'clock and entered a shed in the yard to see who was there. The ward foreman had not arrived. The employee went outside of the yard to wait for him. While awaiting his arrival, he stood outside of the yard between the walk and the yard fence at the gate entrance. Before the foreman arrived, and at about 7:15 o'clock, a team of horses hitched to one of the city wagons in the yard became frightened, and in going through the gate pulled the fence down, injuring Mr. Jach. We held in that case that as soon as the employee came upon his employer's premises ready for work, his services began and the relationship of master and servant immediately attached. The employee was required each morning to report to the foreman of the ward yard. Having reached his employer's premises, ready for work, the fact that he then stepped outside the gate did not terminate or suspend the relationship of master and servant. It is apparent that there is no similarity of facts in this and the instant case.

In *Seaman Body Corp. v. Industrial Comm.* 202 Wis. 13, 231 N. W. 251, this court held that an employer could segregate a part of his plant and forbid employees from entering therein, and an injury sustained by the employee while in the forbidden premises was not covered by the compensation act. The court said:

"Employers effectually limit the scope of an employment when they erect physical barriers which make access to the prohibited area as difficult as it was in the case at bar. When employees go outside the limits of employment which are as clearly defined by physical barriers as they were in the case at bar, they take themselves outside the protection given them by the Workmen's Compensation Act, because injuries sustained by them under such circumstances are not incidental to and do not arise out of their employment.

". . . Here the employer effectually limited the sphere of the employment by the erection of physical barriers which were well calculated to exclude employees from the prohibited

area. The plaintiff did not merely give instructions as to the sphere of the employment. It erected barriers which effectively marked the limits of that sphere."

In the instant case, the Harvester Company had inclosed its place of employment by brick walls and iron fence, and entrance could be gained only through guarded gates on presentation of an identification card showing that the person was an employee of the company. By such physical barriers and regulation as to entrance at the gate, it effectively marked the limits of its premises.

*By the Court.*—Judgment reversed. Record remanded with instructions to vacate the award and dismiss the application.