CITY OF ELKHORN and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 17—November 18, 1947.*

498

For the appellants there was a brief by *Stroud, Stebbins & Wingert* of Madison, and oral argument by *Byron H. Stebbins.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   Upon the evidence, which is practically undisputed, the trial court concluded that at the time Mitchell sustained his injury he was still at work.   The court said:

"He was on a special errand and he was at work from the moment he embarked on the trip to the first sewer until he reached his destination (home) from the last sewer.   He was not injured going to or from work.   He was injured, we repeat, at work."

The claimant testified:

"I am supposed to go to the tank when anything happens. My boy drove me to the tank and the men weren't there but we found them working down on East Court street. . . . We looked at all the intakes on the way down to the north end of the pumping station up there, and we come back from there and headed for town again and I was on my way home.   I was on the corner there by the neighbor and we looked at the intake there and that is about one hundred feet from my place. . . .

After we looked at that last intake, the street commissioner took me home in the car."

The claimant reported not at the place where the work was being done but to the place where he was accustomed to receive his orders.

Sec. 102.03 (1) (c), Stats. 1945, among other things, provides:

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment."

In *Western Fruit Co. v. Industrial Comm.* (1931) 206 Wis. 125, 127, 238 N. W. 854, it was held:

"This implies that while so going an employee is not within the statute unless he is on the employer's premises, except the going to or from work can under the circumstances be considered as 'performing service growing out of and incidental to his employment.'"

In that case the president and general manager of the plaintiff about three fourths of the time was accustomed to take two women employees home. This was a gratuity. There was no contract that the women were to be transported. On the way home Rau and the women were injured in an accident. It was held that the women were not performing service for the plaintiff growing out of and incidental to their employment, and if they were not, then Rau was not performing service for the plaintiff. The judgment of the circuit court which affirmed an award of compensation was reversed.

The only distinction between that case and this is that Rau was accustomed to transport the women several blocks while in this case the foreman transported the claimant only one hundred twenty feet from the place where he quit work. If any effect at all is to be given to the provision of the statute already quoted, then at the very least, after the claimant left

the corner of Church and Jefferson streets, he was not performing any service growing out of or incidental to his employment. The service he was to render the city had been completed and there was nothing further for him to do but to go home. After claimant left the corner he was on his way home and not at work.

In *Caravella v. Milwaukee* (1927), 194 Wis. 190, 215 N. W. 911, it was held: The fact that at the time of the accident, a city street cleaner happened to be traversing a street on which he might later be required to work, does not make such street at the moment of injury "the premises of his employer" within the meaning of sub. (2), sec. 102.03, Stats.

In *Krebs v. Industrial Comm.* (1929) 200 Wis. 134, 227 N. W. 287, an employee was only twenty feet from his employer's premises when injured but, being on his way to work and not on his employer's premises, he was held not to be performing service for the employer.

The rights of the claimant and the liabilities of the plaintiffs are not altered by reason of the fact that the claimant completed his service while he was only one hundred twenty feet from home instead of one thousand.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to set aside the award of the Industrial Commission.