State, Appellant, vs. Industrial Commission and another, Respondents.

*May 9—June 3, 1958.*

For the appellant there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief and oral argument by *Francis Lamb,* special counsel, of Madison.

BROADFOOT, J.   The University of Wisconsin occupies a large campus in Madison.  A portion of the campus is devoted to the activities of the College of Agriculture.  The university found it necessary and desirable to construct and maintain roads or drives throughout the campus with sidewalks for persons traveling on foot adjoining many of the drives.  Claimant was accustomed to eat his lunch at a restaurant on University avenue and was proceeding thereto on a sidewalk on the southerly side of a road known as "Linden drive" when he was injured.

The statute involved is a portion of sub. (1) (c) of sec. 102.03, Stats. 1953, which reads as follows:

". . . Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, or while in the immediate vicinity thereof if the injury results from an occurrence on the premises, shall be deemed to be performing service growing out of and incidental to his employment; . . ."

The state contends that the claimant was not "on the premises of his employer" as that term has been defined in decisions of this court. The various roads and drives constructed and maintained on the university campus are used by the public as well as by university personnel. Therefore the state contends that the claimant was using the sidewalk as a member of the public and not as an employee at the time of his injury.

The state relies upon cases such as *International Harvester Co. v. Industrial Comm.* 220 Wis. 376, 265 N. W. 193, and *Dickson v. Industrial Comm.* 261 Wis. 65, 51 N. W. (2d) 553. In the *International Harvester Co. Case* an employee was injured while walking to work along a short-cut path, traversing open land owned by his employer and by third persons. This open land was in close proximity to the premises where the employee worked but was separated therefrom by a public street. Compensation was denied in that case. In the *Dickson Case* the employer's plant was inclosed by a fence with gates adjacent to a street along which there was a right of way, one half of which was owned by the employer and one half by the city. An employee going from work walked through an exit gate and then along a paved pathway across such right of way and was struck by a streetcar operating on the portion of the right of way owned by the city. Compensation was also denied in that case on the ground that the employee was not on the premises of the employer.

The state also relies upon cases like *Hornburg v. Morris,* 163 Wis. 31, 157 N. W. 556, and *Caravella v. Milwaukee,* 194 Wis. 190, 215 N. W. 911. In those cases city employees were going to and from work on city streets and, although the streets were under the control of the city, the court held that the employees at the times and places they were injured were not on their employer's premises.

The claimant on the other hand relies particularly upon the case of *Northwestern Fuel Co. v. Industrial Comm.* 197 Wis. 48, 221 N. W. 396. In that case the employer owned property on the shore of Lake Superior. A public street led to the lake. This street was crossed by railroad tracks. The employer had encroached upon this street and furnished materials used to keep it in condition. The employee, on his way home after work, was struck by a train on one of the tracks. In that case an award of compensation by the Industrial Commission was affirmed, and the court there stated (p. 50) :

"We are constrained to hold that the term 'premises of his employer' as used in this statute should not be construed to be limited to the soil over which he has legal dominion or title, but to that which he uses, to all intents and purposes, as his premises."

Each case, of course, is governed by its own facts and circumstances. We have stated many times that the workmen's compensation statutes are to be accorded a liberal construction. In this case the employee was traveling upon premises owned and controlled by the university by the means provided by the university therefor. He was proceeding by his usual route and in a direct way to the restaurant. To hold that an employee of the university injured at any place upon the campus was "on the premises of his employer" might be too broad a construction of the statute. We do not so hold, as we prefer to wait until that situation is presented. However, in this particular case the employee was upon that portion of the campus devoted to the activities of the College of Agriculture with which he was associated. Under the special facts of this case the judgment of the circuit court confirming the award was correct.

*By the Court.*—Judgment affirmed.