AMERICAN MOTORS CORPORATION, Appellant, v. INDUSTRIAL
COMMISSION and another, Respondents.

*November 1—November 27, 1962.*

For the appellant there was a brief by *Quarles, Herriott & Clemons,* and oral argument by *L. C. Hammond, Jr.,* all of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Beatrice Lampert,* assistant attorney general.

For the respondent Vera Parkinson there was a brief and oral argument by *L. A. Tarrell* of Milwaukee.

FAIRCHILD, J. Sec. 102.03 (1) (c), Stats., provides in part:

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer . . . shall be deemed to be performing service growing out of and incidental to his employment; . . ."

It was established without dispute that Mrs. Parkinson was leaving her employment in the ordinary and usual way and the only question raised is whether the parking lot was part of the "premises of [her] employer" for the purpose of the statute. It is clear that the plaintiff owned or otherwise controlled the parking lot and used it to make it more convenient for its employees to reach the plant for work.

Larson's [1] treatise on workmen's compensation states:

"It is usually held that an injury on a parking lot owned or maintained by the employer for his employees is an injury on the employer's premises."

A 1929 Dane county circuit court decision held that where an employee was injured while on a parking lot rented by his employer so that his employees might park their automobiles without charge, such employee was injured while on the premises of his employer within the meaning of the statute. [2]

We are told that the commission has consistently followed the 1929 decision.

Plaintiff contends, however, that decisions of this court have interpreted "premises of his employer" so as to exclude a parking lot if it is outside the area which the employer has inclosed by physical barriers, access to which the employer limits, and within which the employee's duties are performed. Plaintiff relies principally on language in two cases as follows:

In the case of *International Harvester Co. v. Industrial Comm.* [3] it was said, at page 384:

"In the instant case, the Harvester Company had inclosed its place of employment by brick walls and iron fence, and entrance could be gained only through guarded gates on presentation of an identification card showing that the person was an employee of the company. By such physical barriers and regulation as to entrance at the gate, it effectively marked the limits of its premises."

In *Dickson v. Industrial Comm.* [4] we stated, at page 69:

"We conclude that the Allis-Chalmers Company had limited its premises just as effectively as did the employer in the *Harvester Co. Case,* and that the commission properly

[1] 1 Larson, Law of Workmen's Compensation, p. 200, sec. 15.14.
[2] *Modine Mfg. Co. v. Industrial Comm.*
[3] (1936), 220 Wis. 376, 265 N. W. 193,
[4] (1952), 261 Wis. 65, 51 N. W. (2d) 553.

determined that the rule of the latter required it to conclude that Dickson was not injured 'while on the premises of his employer.' "

An analysis of the facts of these and other cases convinces us that while the physical barriers in the *International Harvester* and *Dickson Cases* marked the limits of the "premises of the employer," the existence of physical barriers is not the legal test.

In *E. W. Hallet Construction Co. v. Industrial Comm.*[5] the employer had a contract with the state to pave a highway. Its employee, Williams, worked at a railroad siding some distance from the paving operations, unloading cement. He left that site after completing his work and started for home, following the partially constructed highway for about two miles to pick up another employee who was working at the scene of paving operations. Williams was injured at the latter site. The court held that only the "portion of the highway presently appropriated and occupied by the contractor for the purpose of prosecuting the work could be considered his premises." (p. 184.) "Williams was injured while on the premises of his employer but not on the premises where he worked." (p. 184.) Thus, although the site of injury was under the control of the employer, the relationship between the activities carried on there and those at the siding where Williams worked was determined to be insufficient.

In *International Harvester Co. v. Industrial Comm.,*[6] the employee's duties were performed in a building within an inclosure which was all north of West Bruce street. The employer owned some land south of West Bruce street on which it had a powerhouse and scale where 10 or 12 employees worked. Much of the employer's land and other land in the block south of Bruce street was open and it

---

[5] (1930), 201 Wis. 182, 229 N. W. 547.

[6] *Supra,* footnote 3.

was traversed by many paths used for shortcuts by the general public and the employees of Harvester and another company. The injury occurred on one of these paths while the employee was on his way to work. The court held that the employer's premises had been effectively limited by the walls and fence inclosing the plant area north of West Bruce street and that the injury did not occur on the "premises of his employer."

In *Dickson v. Industrial Comm.*,[7] the employer, Allis-Chalmers Company, inclosed its plant by a fence. Just west of, and outside the fence was a 30-foot right-of-way, the east half of which was owned by the employer and the west half by the city. Streetcar tracks owned by the traction company were located on the right-of-way. By agreement with the traction company, the employer had paved a path across the tracks leading from one of the gates in the fence. The employee Dickson was struck by a streetcar after he had passed through the gate while he was crossing the tracks on the path and while he was on the portion of the right-of-way owned by the city. This court assumed that the path at that point was open to the public for travel. It was decided that the employer did not have dominion or control over the site of injury, that the *Harvester Case* controlled, and that the employer had effectively limited its premises.

It should be noted, however, that in the *Harvester Case* the site of the injury was owned by the employer, but not used for a purpose related to the employee's employment. In *Dickson*, on the contrary, the site of the injury was on a path prepared for the use of the employees, but ownership and control were lacking. Although Dickson was on his way to get his car from the employer's parking lot, the injury occurred on city property and the court had no occa-

---

[7] *Supra,* footnote 4.

sion to consider whether an injury on the parking lot would have been compensable.

In *State v. Industrial Comm.*[8] and *State v. Industrial Comm.*[9] employees of the college of agriculture of the University of Wisconsin were injured on a sidewalk and a drive on the campus. We held they were on the premises of the employer, and stated, at page 475:

"Each case, of course, is governed by its own facts and circumstances. We have stated many times that the workmen's compensation statutes are to be accorded a liberal construction. In this case the employee was traveling upon premises owned and controlled by the university by the means provided by the university therefor. He was proceeding by his usual route and in a direct way to the restaurant. To hold that an employee of the university injured at any place upon the campus was 'on the premises of his employer' might be too broad a construction of the statute. We do not so hold, as we prefer to wait until that situation is presented. However, in this particular case the employee was upon that portion of the campus devoted to the activities of the college of agriculture with which he was associated. Under the special facts of this case the judgment of the circuit court confirming the award was correct."

Although this court did stress the presence of physical barriers in the *Harvester* and *Dickson Cases,* we conclude that the presence of such barriers is not conclusive under all circumstances. In the case before us, the parking lot, though outside the inclosed area where the employees performed their duties and separated from it by a public street, was used by the employer to facilitate the attendance of employees at their work. The injured employee was on these premises with the employer's permission in furtherance of that purpose. Parking lots are very usual appurtenances to establishments of many kinds under present conditions, and

---

[8] (1958), 4 Wis. (2d) 472, 475, 90 N. W. (2d) 397.
[9] (1958), 4 Wis. (2d) 476, 90 N. W. (2d) 399.

are commonly viewed as part of the establishments for which they are maintained. We conclude that the parking lot was part of the "premises of [her] employer" for the purposes of the governing statute.

*By the Court.*—Judgment affirmed.