DARDANELL, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*November 28—December 22, 1967.*

250

For the appellant there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent Department of Industry, Labor and Human Relations the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondents General Merchandise Company and Liberty Mutual Insurance Company there was a brief by *Otjen, Philipp & McFadyen* and *Carl N. Otjen,* all of Milwaukee, and oral argument by *Carl N. Otjen.*

HEFFERNAN, J. The Workmen's Compensation Act, *inter alia,* provides for liability when, at the time of the injury, an employee is performing services growing out of and incidental to his employment; and that an employee

going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing such service. Sec. 102.03 (1) (c) 1, Stats.

We have previously interpreted an employer's parking lot to be encompassed within the term, "premises." *American Motors Corp. v. Industrial Comm.* (1962), 18 Wis. 2d 246, 118 N. W. 2d 181; *Cmelak v. Industrial Comm.* (1965), 27 Wis. 2d 552, 135 N. W. 2d 304. Hence, the only question we need resolve is whether the applicant, who was admittedly on the premises, was leaving her work in the ordinary and usual way.[1]

The commission found as a matter of fact that she "was not going from her employment in the ordinary and usual way at the time of such injury." We have previously said that, where the finding of the commission is as a matter of law, such finding is not binding on this court, but if the finding is one of fact, either in a situation where the facts are disputed or conflicting inferences may be drawn from the facts, the finding of the commission may not be reversed if there is credible evidence to sustain the commission's conclusion or if the inferences drawn are reasonable. *See Neese v. State Medical Society* (1967), 36 Wis. 2d 497, 153 N. W. 2d 552.

In the instant case the trial judge chose to resolve the case by concluding that the question was one of law in that no other reasonable inference could be drawn other than that the employee had deviated from her path and, hence, was not going from her employment in the "ordinary and usual way."

[1] To find liability the requirements of both sec. 102.03 (1) (c) 1, Stats., and 102.03 (1) (e) (that the accident causing the injury arises out of the employment) must be satisfied. Inasmuch as our conclusion in regard to the first statutory requirement is determinative of the appeal, the second statutory requirement is not considered although it was determined adversely to the appellant in the circuit court.

We conclude that the commission's finding was, in any event, a finding of fact supported by credible evidence and, hence, not reversible in this court. It was clear that it was neither "ordinary" nor "usual" for the plaintiff to deviate in her route by opening the trunk and to engage in conduct that was unrelated to her departure from the parking lot.

The commission, after reviewing the evidence, could reasonably infer that at the time of the injury the plaintiff had departed both in terms of physical deviation and purpose from the ordinary and usual way of leaving the premises. Such a finding cannot be disturbed unless as a matter of law the deviation was so slight as to be inconsequential.

The plaintiff, while acknowledging that the plaintiff deviated from her path, contends that her act was momentary and insubstantial and was so minimal that it did not interrupt what otherwise constituted leaving her employment in the ordinary and usual way.

However, the case of *Krebs v. Industrial Comm.* (1929), 200 Wis. 134, 227 N. W. 287, denied recovery where the employee was injured 20 feet off of the employer's premises, stating, "The terms of the amendment [sec. 102.03 (1) (c) 1] should not be stretched by forced construction to include situations not clearly within their intendment." *Krebs, supra,* page 137.

In *Charney v. Industrial Comm.* (1946), 249 Wis. 144, 147, 23 N. W. 2d 508, it was pointed out that the 1913 amendment (Laws of 1913, ch. 599) that created the statutory provisions that are now in effect was "an extension of the rule which theretofore had required that the employee must have reached the place of employment as well as the premises of the employer" for liability to exist. It is apparent that the legislature carefully chose its words and that, when it chose to extend the liability of the employer, it did not intend by this statute to extend coverage

for any conduct that was unusual or extraordinary in terms of going to or from the employer's premises.

We conclude that the commission's finding is supported by credible evidence and, hence, the judgment of the circuit court confirming the order of the commission must be affirmed.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.