FRISBIE, Respondent, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and others, Appellants.

*No. 114.   Argued October 27, 1969.—Decided December 2, 1969.*
(Also reported in 172 N. W. 2d 346.)

82

For the appellant Department of Industry, Labor & Human Relations the cause was argued by *Donald P. Johns,* assistant attorney general, with whom on the briefs was *Robert W. Warren,* attorney general.

For the appellants Four Wheel Drive Corporation and Commercial Union Insurance Company, Ltd., there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Fred F. Kaftan.*

For the respondent there was a brief by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Albert J. Goldberg.*

ROBERT W. HANSEN, J.   This case involves an employee going to work injured in a fall on a public sidewalk. He had parked his car in the company-owned parking lot across the street from the plant premises. He had crossed

the street and was walking to the factory gate to punch the time clock and report for work. He fell at the spot where the sidewalk was bisected by a railroad spur track going into the factory premises. The railroad track area was used in common with the railroad as a driveway into the plant for trucks of the employer. He claimed that the fall was caused by liquid and chemicals placed on the tracks and claims that the liquid ran down from inside the plant area between the tracks.

*The statute.*

Workmen's compensation is wholly statutory,[1] and the governing statute under which compensation is sought in this case provides:

". . . Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, or while in the immediate vicinity thereof if the injury results from an occurrence on the premises, shall be deemed to be performing service growing out of and incidental to his employment . . . ."[2]

To recover workmen's compensation benefits in this case, the claimant must establish either that (1) he was ". . . on the premises" of the employer when injured, or (2) he was in the ". . . immediate vicinity thereof," and the injury resulted from an ". . . occurrence on the premises."

*The area in-between.*

If the claimant had reached the factory gate and stepped on to the plant premises of the employer,[3] no

---

[1] ". . . workmen's compensation is wholly statutory and questions on what should be the public policy concerning it are determined by the legislature. . . ." *Harry Crow & Son, Inc. v. Industrial Comm.* (1963), 18 Wis. 2d 436, 442, 118 N. W. 2d 841.

[2] Wis. Stats. sec. 102.03 (1) (c) 1.

[3] *J. F. McNamara Corp. v. Industrial Comm.* (1964), 24 Wis. 2d 300, 128 N. W. 2d 635 (holding that the premises of the railroad were premises of the employer as applied to an employee unloading a ship on the railroad premises).

doubt as to his coverage under the Workmen's Compensation Act could exist.

If the claimant had been injured while on the employer-owned parking lot where he had parked his car, he would be ". . . on the premises," and covered.[4]

Where a claimant is injured while crossing a public road or walk between the parking lot and the plant, the majority rule is that he is covered, being ". . . on a necessary route between the two portions of the premises."[5]

However, in Wisconsin, the express incorporation into the statute of the ". . . while on the premises" requirement, with only one ". . . in the immediate vicinity" limited exception, has led to a contrary conclusion. Where injury is sustained while the employee, going to or from work, is on a public street or walk, not controlled by the employer, coverage is denied even though such street or walkway lies between two portions of the employer's premises.[6]

---

[4] *American Motors Corp. v. Industrial Comm.* (1962), 18 Wis. 2d 246, 118 N. W. 2d 181 (holding the parking lot provided by the employer to be part of the premises of the employer within the meaning of the statute); reaffirmed in *Cmelak v. Industrial Comm.* (1965), 27 Wis. 2d 552, 135 N. W. 2d 304.

[5] 1 Larson, *Law of Workmen's Compensation*, pp. 208, 209, sec. 15.14, commenting, "One category in which compensation is almost always awarded is that in which the employee travels along or across a public road between two portions of his employer's premises, whether going and coming . . . ."

[6] *Krebs v. Industrial Comm.* (1929), 200 Wis. 134, 227 N. W. 287 (where recovery was denied to a claimant injured while proceeding down a public sidewalk adjacent to the fence enclosing the employer's premises); *Dickson v. Industrial Comm.* (1952), 261 Wis. 65, 51 N. W. 2d 553 (where recovery was denied to a claimant traversing a path maintained by the employer immediately outside the exit gate, crossing some streetcar tracks, which had to be crossed to get to the employer's parking lot, where claimant's car was kept); *Gunderson v. Industrial Comm.* (1935), 218 Wis. 248, 260 N. W. 636 (where recovery was denied for an injury sustained at a portion of a street where paving had been finished

This "result stricter than those of states adopting the premises rule judicially" has occurred because of the "limiting effect of the statutory language" used in the Wisconsin statute.[7]

While workmen's compensation laws are to be liberally construed to effect the purposes of such legislation,[8] court interpretation of a statute is not to be used as a device for repealing it or changing its obvious meaning. Claimant contends one state, Michigan, has done just that,[9] but there the statute provided coverage for a "reasonable time" before and after work hours, adding a dimension of time not found in the Wisconsin counterpart.[10] Additionally, the Michigan statute dealt only with a "pre-

and barricades had been removed because the place of injury had been released from the control of the employer and thus the accident was not ". . . on the premises"); *International Harvester Co. v. Industrial Comm.* (1936), 220 Wis. 376, 265 N. W. 193 (where recovery was denied to a claimant injured while taking a shortcut through a field owned by the employer but not near the fenced-in work premises of the employer).

[7] ". . . The Wisconsin statute by embedding the premises requirement in the statute itself, can produce a result stricter than those of states adopting the premises rule judicially. . . .

"As to the specific rule of law involved here, the . . . Wisconsin decisions are of limited applicability outside [the state] . . . because of the limiting effect of the statutory language." 1 Larson, *Law of Workmen's Compensation*, p. 209, sec. 15.14, fn. 43.

[8] ". . . workmen's compensation act should be liberally construed in favor of including all service that can in any sense be said to reasonably come within it. . . ." *Vandervort v. Industrial Comm.* (1931), 203 Wis. 362, 364, 234 N. W. 492.

[9] *Jean v. Chrysler Corp.* (1966), 2 Mich. App. 564, 140 N. W. 2d 756 (holding that the fact that the employer ". . . owes, so to speak, a duty of 'safe passage' to an employee to the point where he can reach the proper arrival or departure from his work seems without question").

[10] "Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." C. L. S. (1961). Sec. 412.1 (Stat. Anno. (1960) Rev. Sec. 17.151) (Mich. Stats.) M. C. L. A., p. 317, sec. 412.1.

sumption" of being in the course of employment. In Wisconsin the premises requirement is sharp and specific, and the ". . . immediate vicinity" exception limited.

It is with the provisions of the Wisconsin law, not the statutes in other states, with which we here deal. Here the commission found that, at the time of the injury, the claimant was not ". . . on the premises" of the employer. The contrary conclusion and reasoning of the trial court cannot be sustained. It appears to suggest three conclusions:

(1) *That the claimant had arrived at work when he reached the parking lot.* The *American Motors Corp.* case which granted compensation benefits for an on-the-parking-lot injury did not hold that the employee was at work when he parked his car. It held that he was ". . . on the premises" of the employer when he parked his car and sustained injury on employer-owned and employer-controlled parking lot premises.[11] He remained in the category of an employee going to work but met the statutory requirements for compensation recovery while on his way to work because he was ". . . on the premises" of the employer when he was injured.

(2) *That the employee was walking toward the plant gate, not away from it.* The trial court tried its hand at distinguishing this case from *Dickson* on the basis that there the employee was headed home, here he was going to work. The theory is that: "The employer has a direct concern that a worker leave the parking lot promptly and go directly to his jobsite. The converse does not necessarily obtain when you punch out at night." The premises requirement in Wisconsin applies to ". . . every employee going to and from his employment." The suggested distinction between going to work and heading home is ingenious. However, it is not in the statute. The trial court adds this postscript to this contention. "We may be making a distinction here without a difference." With the postscript we agree. The statute recognizes neither distinction nor difference based on direction or destination.

[11] *American Motors Corp. v. Industrial Comm.* (1962), 18 Wis. 2d 246, 118 N. W. 2d 181.

(3) *That the Dickson case "relied upon an unsound precedent to achieve an unjust result."* This blames the messenger for the message. The strict premises requirement is not a creature of *Dickson* or earlier cases cited therein. It derives from the precise wording of the Wisconsin statute. A strong argument can be made for the majority rule that compensation coverage extends to an employee injured while crossing a public street between an employer's parking lot and the employer's work premises. But that argument is to be addressed to the legislature, not to the courts. Where the pathway to recovery has been narrowed by legislation, it is the legislature which alone can broaden that pathway.

Unless or until the legislature elects to change the relevant statute, we must uphold the commission finding on this record that the injury did not occur ". . . on the premises" of the employer. For the guidance of the commission, it should be mentioned that their fact-finding here overstresses the element of concurrent public use of the walk or way where the injury occurred. The fact, as the commission puts it, that ". . . the general public used the area where he fell as a public sidewalk," is a factor to be considered. Standing alone, however, it would not prevent holding the place of injury to be part of the employer's premises.[12] The precise test is whether the employer has in fact exercised full dominion and control over the situs of injury. Where an employer has effectively converted a street into a part of its premises, using it for its private use and treating it as its private premises, such employer-controlled area may be considered a part of the premises of the employer even though it is still open to public use.[13] However, on the

[12] *State v. Industrial Comm.* (1958), 4 Wis. 2d 472, 90 N. W. 2d 397 (where recovery was granted to a university employee injured on a campus driveway, owned and controlled by the university, even though open to use and used by the general public) followed in *Thomas v. Industrial Comm.* (1958), 4 Wis. 2d 477, 90 N. W. 2d 393.

[13] *Northwestern Fuel Co. v. Industrial Comm.* (1928), 197 Wis. 48, 50, 221 N. W. 396 (where recovery was granted for an

findings of fact taken as a whole, we uphold the commission finding that the place of claimant's injury here was not a part of the premises of the employer.

*"In the immediate vicinity."*

However, there is in the Wisconsin statute one exception to the premise requirement rule. The exception was enacted in 1953,[14] and it reads as follows: ". . . or while in the immediate vicinity thereof if the injury results from an occurrence on the premises." [15]

It should be noted that the *Dickson Case,* previously referred to, was decided on February 5, 1952. It is probable that this post-*Dickson* amendment was intended to ameliorate the consequences of that decision. In any event, it clearly created a new coverage, applying to employees going to and from work, where ". . . immediate vicinity" rather than ". . . on the premises" was the situs requirement. So at least *Dickson* and earlier cases must be read with the understanding that the ". . . immediate vicinity" provision was not then in the Wisconsin law.

Under the 1953 amendment, an employee, going to or from his employment, while in the immediate vicinity of the premises of the employer, is covered by the Workmen's Compensation Act only if "the injury results from an occurrence on the premises." To what extent does this amendment extend coverage for injuries sustained off-premises but in the immediate vicinity?

*"Spilled over danger."*

Larson, in his text on workmen's compensation law, sees this amendment to the Wisconsin statute and court

injury on a public street on the finding that the employer had effectively converted and used the street as part of the work premises).

[14] Laws of 1953, ch. 328, sec. 2, which became effective June 30, 1953.

[15] Sec. 102.03 (1) (c) 1, Stats.

decisions reaching the same result as ". . . embracing off-premises conditions that deserve to be called risks of this employment." [16] ". . . it should follow," author Larson argues, "that whenever the hazards of the employment spill over the boundary-line and injure claimant on his way to work, those injuries should be compensable. [17] Of the 1953 amendment to the Wisconsin premise requirement statute, he states: "Wisconsin has adopted the rule favored in this section by statute." [18] We concur in Larson's interpretation of what was effected by the addition to the Wisconsin law of the 1953 amendment. Such legislative acceptance of the "spilled over danger" principle means that if anything which is a hazard of the employment spills over the boundary line of the premises and injures an employee, who is going to or from his employment, he is covered provided he is in the immediate vicinity of the premises.

The Wisconsin legislative acceptance of the "spilled over danger" principle stops just short of full and complete acceptance of the "special hazards" doctrine, urged by Larson as the better rule and found by him to be an ". . . idea . . . accepted by the majority of jurisdictions in some degree." [19] In a nutshell, this "special hazards" exception to premise requirements provides coverage against special hazards on the normal route which employees must travel to reach the plant. As stated by Larson, it has two components:

(1) The presence of a special hazard at the particular off-premises point.

---

[16] ". . . the real justification for extending course of employment beyond the premises is the necessity of embracing off-premises conditions that deserve to be called risks of this employment . . . ." 1 Larson, *Law of Workmen's Compensation*, p. 216, sec. 15.31.

[17] *Id.* at page 216.

[18] *Id.* fn. 57, page 217.

[19] *Id.* sec. 15.13, at page 199.

(2) The close association of the access route with the premises so far as going and coming are concerned.[20]

The more limited "spilled over danger" extension adopted by the Wisconsin legislature has added two additional preconditions for coverage:

(1) The place of injury must be in the immediate vicinity of the premises of the employer.

(2) The special hazard must be directly connected with the work and premises of the employer.

Where all four components are present, workmen's compensation coverage extends beyond the ". . . on the premises" requirement to ". . . immediate vicinity" occurrences.

*From-the-premises.*

Claimant's counsel argues and the trial court found that there is an issue here as to whether the substance on which the claimant claims to have slipped and fell was a liquid that ran down from the inside of the plant gate to the area between the railroad tracks where the fall occurred. Clearly if this was established, the "spilled over danger" principle would entitle the claimant to coverage. We agree with claimant's counsel that he is entitled to a finding of fact by the commission on this issue raised by him as to whether the injury was caused by a liquid running down the slope from the work premises to the place of injury.

However, the "spilled over danger" concept is not limited to situations where an oil slick or liquid chemicals ooze under the fence from the employer's plant premises. If the facts were to be found by the commission from the record that a slippery substance had been placed by the employer or railroad company on the railroad tracks at the point of intersecting the sidewalk, the four component elements of "spilled over danger" might be found to coexist. Such slippery substance might indeed constitute a

---

[20] *Id.* at page 202.

special hazard at the particular off-premises point. The close association of the normal and usual access route for employees going to and from work would certainly be present. In fact, the statutory requirement of "immediate vicinity" clearly is met where the railroad track and sidewalk cross just outside the fence that encloses the plant premises and near the factory gate. The fact that the ice-melting substance was solely intended to aid the movement of railroad cars from and into the plant of the employer as facilitating the work or enterprise of the employer could be found to be a direct and close connection with the employment enterprise. If so, the hazard created becomes a "spilled over danger" under the statutory exception to the premises requirement in this state.

As a matter of fact, under certain circumstances, the track and traffic over it can become such "spilled over danger," particularly where the railroad track is a spur line existing to carry freight in and out of the employer's premises as a part of the work of the employer. Actually, long before its adoption by the Wisconsin legislature in the 1953 amendment, the "special hazards" exception to the premises requirement grew out of cases involving railway crossings or rights-of-way.[21] This is not to hold as a matter of law that every railroad crossing is a "special hazard" or represents a "spilled over danger." As author Larson puts it: "But it was never the intention behind this exception to mark out an off-premises area,

[21] "In almost all of the earliest cases, and many of the current cases as well, the element of special hazard needed no stress, since they were typically cases involving railway crossings or rights-of-way. Before the days of the garden-site factory and the industrial park, plants were often located in such a way that the only way to get to them was to pick one's way through switching tracks, sidings and even main lines. To deny workmen's compensation to employees injured because of the necessity of daily running such a gauntlet struck most courts as out of tune with the broad concept of work-connection." *Id.* at page 202.

merely because it is a normal access route, and then invest it with all the characteristics of the premises for course of employment purposes. . . . Suppose also that two railway tracks ran across that route [*i.e.,* the normal access route] near the plant gate. Now assume that the employee suffered an unexplained fall, under circumstances that would have rendered it compensable under the decisions of the jurisdiction if it had happened during active employment. Would it be held compensable? It would not, although injury from being struck down by a railway engine would be. The extended course of employment based upon a special hazard in the access route is valid *only for that hazard.*" [22]

Whether the liquid or chemical used to prevent freezing or promote thawing in this case, on railroad tracks leading to the employer's premises, constituted a special hazard or "spilled over danger" is an issue of fact, not law, for the commission to determine. It is enough here to point out that the legislative change in the statute constitutes an adoption of the "spilled over danger" principle as to employees going to or from work on the normal access route in the immediate vicinity of the employer's premises. The claimant must prove that there is a "spilled over danger" in such vicinity and on such route, and must show that such danger or hazard is causally connected to the injury as well as directly and closely connected with the work and work premises of the employer. Whether the claimant has established such hazard or danger and such connection in this case is for the commission to determine. However, it is not enough for the commission to find that the "Applicant did not sustain an injury on the premises of the respondent." Where the injury was sustained in the "immediate vicinity" of such premises by an employee "going to and from his employment in the ordinary and usual way," the commission must also make findings of fact as to the presence or non-

[22] *Id.* at page 203.

presence of any "special hazard" or "spilled over danger" closely connected with the work and premises of the employer and causing the injury.

While we must reject some of the reasoning and conclusions reached by the trial court, we affirm the result it reached: Reversing the findings and order of the commission and remanding the case for further proceedings consistent with this opinion.

*By the Court.*—Judgment modified and as modified, affirmed.